# Kasell Law Firm

November 11, 2025

Hon. Lee G. Dunst
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Brian Petereit v. Kings Point Auto LLC*, 25 Civ. 3780 (E.D.N.Y.)

Judge Dunst:

    On behalf of Plaintiff, I write in response to the Court's November 7th Order directing defense counsel to file a motion to vacate the certificate of default. Plaintiff respectfully requests that the Court instead set aside the entry of default entered on October 21, 2025.

    By way of background, after the Clerk issued the certificate of default, I received an email from defense counsel, and an attorney from my office conferred with him. I subsequently agreed not to move for a default judgment under Fed. R. Civ. P. 55, provided that defense counsel promptly filed a Notice of Appearance and an Answer on behalf of the defendant. He has now done both.

    Defense counsel first contacted me on October 10, 2025, and requested a few weeks to respond. I expected that he would file a Notice of Appearance and circulate a stipulation extending his time to answer. When neither occurred, and uncertain whether Mr. Schwartz formally represented the defendant, I requested the Clerk's entry of default. In future cases, I will ensure that any such extensions are memorialized by stipulation filed on the docket to avoid confusion.

    I recognize the Court's preference for resolving disputes on the merits, and Plaintiff does not wish to burden the Court with unnecessary motion practice, particularly since the parties have reached agreement on how to proceed. I also regret any time the Court spent addressing this issue. Although I reviewed the applicable rules, I could not locate a clear procedural mechanism for withdrawing the Clerk's entry of default; I now understand that the proper course is for defendant to move under Rule 55(c). This underscores why I will require stipulations going forward.

    Finally, Plaintiff respectfully requests that the Court maintain the currently scheduled Initial Conference for January 6, 2026. The parties have exchanged initial disclosures, and

# Kasell Law Firm

Plaintiff served requests for admissions, interrogatories, and document demands last night. Maintaining the conference date will promote the orderly progress of discovery necessary for the upcoming non-binding arbitration, anticipated before March 6, 2026.

      Accordingly, Plaintiff respectfully requests that the Court (1) set aside the entry of default entered on October 21, 2025, and (2) keep the January 6, 2026, Initial Conference as scheduled, to be held by telephone or Zoom.

/s/ *David M. Kasell*
David M. Kasell, Esq.
Kasell Law Firm
Attorney for Plaintiffs
David Kasell
Kasell Law Firm
1038 Jackson Avenue, Suite #4
Long Island City, New York 11101
Office: (718) 404-6668
