UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
BRIAN PETEREIT,

                                                                                         25 Civ. 03780 (JS)(LGD)

*Plaintiff,*

--against--

KINGS POINT AUTO LLC,

        *Defendant.*
------------------------------------------------X

**PROPOSED DISCOVERY PLAN/SCHEDULING ORDER**
(Magistrate Judge Lee G. Dunst)

Date of Initial Conference: February 3, 2026, at 11:00AM via Teleconference

Parties (including names of counsel who will appear at the initial conference):

| On behalf of<br>Plaintiff Brian Petereit<br><br>David Kasell, Esq.<br>Kasell Law Firm<br>1038 Jackson Ave. # 4<br>Long Island City, NY 11101<br>(718) 404-6668<br>david@kaselllawfirm.com | On behalf of<br>Defendant Kings Point Auto LLC<br><br>Andrew Schultz, Esq.<br>767 Othello Ave.<br>Franklin Square, NY 11010<br>(516) 353-7177<br>E99Neptune@aol.com |
|---|---|

**PREPARATION FOR INITIAL CONFERENCE**

1.    Rule 26(f) Meeting

a. Date(s) meeting(s) held:
January 28, 2026, at 10:00 a.m. and 1 p.m. via telephone

b. Plaintiff(s)' representative(s) who participated:
David Kasell & Brian Lehman

c. Defendant(s)' representative(s) who participated:
Andrew Schultz

1

2. Discovery Exchanged Prior To Initial Conference:

Defendants have produced the following:

Defendant's Responses to Interrogatories & Request for Admissions

Sworn Affidavit by Managing Member of Kings Point Auto LLC Michael Goltche

Defendant's Responses to Document Requests: Kings Point Auto states that all responsive documents are contained in or referenced by the Michael Goltche affidavit

Defendant KP Auto Items 1–7: This production compiles the core transactional documents and marketing materials for the sale of a 2017 Ford F-150 Limited, including the Manheim auction invoice, bill of sale, inspection checklist, advertisements, photographs, and a Carfax report

KP Auto Items 8–11: This production consists primarily of photographs and related materials documenting the vehicle's condition (including undercarriage images), exterior/interior features, and accessories before delivery, along with post-sale communications and warranty disclosures.

3. Electronically Stored Information (if any):

4. a. Have counsel discussed any ESI to be produced?

Yes

b. Have the parties entered into an ESI protocol?

No – the parties do not believe that an ESI protocol is needed give that the ESI is (1) PDFs and (2) a few videos that will be produced by Plaintiff

4. Protective Order (if any) [insert expected date of submission for Court approval]

N/A

5. Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)?

Yes

## PHASE 1 DISCOVERY

1.  Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made:

February 2, 2026

2.  Date for completion of preliminary discovery necessary for reasoned consideration of settlement:

completed

3.  Settlement Conference and Mediation [Select Option 1 or 2 below]

a. Option 1: Proposed date for initial settlement conference [any time prior to the commencement of Phase 2 discovery]: **March 9-13, 2026 (one week after the arbitration)**

b. Option 2: The parties wish to be referred to the EDNY Mediation Program for mediation: n/a

## PHASE 2 DISCOVERY

1.  Deadline for proposed amendment of the pleadings to add claims or join additional parties: February 4, 2026

2.  Anticipated number of depositions: plaintiff(s): 1 (maybe) defendant(s): 1 (maybe). Both parties reserve the right to take one deposition each.

3.  Date for completion of fact discovery: April 20, 2026

4.  Number of expert witnesses: plaintiff(s): n/a defendant(s): n/a

5.  Date for exchange of expert report(s): n/a

6.  Date for completion of expert discovery: n/a

7.  Date for submission of joint certification of completion of all discovery: April 20, 2026.

8.  Final date to take the first step in dispositive motion practice: The parties will request a pre-motion conference concerning summary judgment motions with Judge Dunst by April 24, 2026.

## DIVERSITY JURISDICTION

If the parties are in federal court pursuant to diversity jurisdiction (see 28 U.S.C. § 1332), the parties shall provide the basis for such jurisdiction.

The basis of the Court's jurisdiction is diversity. Plaintiff is an individual person who is a citizen of the state of Illinois, and Defendant is a limited liability company with only one member, Michael Goelte, who is a citizen of New York. The amount in controversy is over $75,000.