**Andrew B. Schultz**
Attorney at Law
767 Othello Avenue
Franklin Square, NY 11010
Cell: 516-353-7177
Tel: 516-482-5100
E-mail: E99Neptune@aol.com

August 27, 2026

**BY PACER**
Hon. Lee G. Dunst
United States Magistrate Judge
Eastern District of New York

Re: Petereit / Kings Point Auto LLC (2:25-cv-03780-LGD)
Defendant's response regarding amount in controversy

Your Honor:

I represent defendant and as directed by the court, we write to respond to the letter from plaintiff's counsel dated August 20.

For the record, my client has maintained and continues to maintain that there is no valid factual or legal basis for the complaint here, but we appreciate that the overall subject is not "on the table" for the moment.

As stated in the case of Scherer v. Equitable Life Assurance Society, 347 F.3d 394, 397 (2003), "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a `reasonable probability' that the claim is in excess of the statutory jurisdictional amount" and that there is also "a rebuttable

presumption that the face of the complaint is a good faith representation of the actual amount in controversy."

In the present matter, the complaint on its face presents no specific factual allegations to warrant a claim of punitive damages, nor does the complaint go beyond a private dispute between two parties.

We refer the court to the well-known precedent of Garrity v. Stuart, 40 N.Y.2d 354, 358, 386 N.Y.S.2d 831 (1976):

> "It has always been held that punitive damages are not available for mere breach of contract, for in such a case only a private wrong, and not a public right, is involved (see, e.g., *Trans-State Hay & Feed Corp. v Faberge, Inc.*, 35 N.Y.2d 669, affg on mem at App Div 42 AD2d 535; *Van Valkenburgh, Nooger & Neville v Hayden Pub. Co.*, 33 AD2d 766, 767 [breach of contract by book publisher, which failed deliberately and in breach of good faith to use "best efforts" to promote plaintiff's books; punitive damages denied], affd 30 N.Y.2d 34 [discussing the facts and particularly the breach of fair dealing in greater detail], cert den 409 US 875; Restatement, Contracts, § 342; 14 NY Jur, Damages, § 183, pp 45-46)."

Reference is also made to Parkway Windows v. River Tower Associates, 108 A.D.2d 660, 664, 485 N.Y.S.2d 755 (1st Dept. 1985), which held that:

> "…it is evident from the pleadings that no wrong to the general public is involved. The dispute in the case at bar involves solely private wrongs such as to make punitive damages inappropriate (*see*, *Garrity v Lyle Stuart, Inc.*, 40 N.Y.2d 354)."

Given these circumstances, defendant respectfully suggests that plaintiff has failed on the face of the complaint to present any good faith specific claim for

punitive damages, where the matter on its face involves a private dispute between two parties.

Thus, without the non-probative and insufficient brief and unsupported conclusory allegation by plaintiff as to punitive damages, plaintiff fails to justify the jurisdictional requirement for diversity jurisdiction here.

Respectfully Yours,
__*Andrew B. Schultz*___________
Andrew B. Schultz
Attorney for Defendant
E99Neptune@aol.com
516-353-7177
767 Othello Avenue
Franklin Square, NY 11010